TONY CARFAGNO and Others, Copartners Doing Business under the Firm Name and Style of CARFAGNO & DRAGONETTI, Respondents, *v.* THE CITY OF NEW YORK, Appellant.

First Department, May 2, 1919.

**Municipal corporations — contract by city for installation of fire service system — error in specification — when contractor not entitled to recover because of such error.**

The plaintiffs executed a contract with the city of New York for the installation of a high pressure fire service system in certain specified streets and claim damages because the defendant refused to permit them to perform and carry out the contract in that the drawings annexed to the specification were stated to have been drawn on a scale of 200 feet to the inch whereas they were drawn on a scale of 150 feet to the inch. This error was discovered by the plaintiffs when they were preparing their bid and notice of the correction was given to them before they had commenced work but shortly after they had made a contract for pipe. The city paid for all of the work done and took over and paid for the extra pipe. The plaintiffs did not report the error to the defendant's engineer when it was discovered but proceeded with the contract after they had been notified.

*Held*, that the complaint should be dismissed as there was merely an honest mistake on the part of the city of which the plaintiffs had notice.

If the action had been brought on the theory of breach of warranty the plaintiffs could not have recovered as the information for bidders furnished by the defendant provided that the contractor would not be allowed to take advantage of any errors or omissions in the specifications and cautioned all bidders to make a personal examination of the location proposed for the work.

APPEAL by the defendant, The City of New York, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1917, denying defendant's motions to set aside the verdict of the jury herein as to question No. 1, and to direct a general verdict for the defendant and further granting plaintiffs' motion to set aside the verdict of the jury as to question No. 2 and granting a new trial.

Defendant moved at the close of plaintiffs' case to dismiss the complaint. At the close of the whole case the motion was renewed and defendant also moved for the direction of a general verdict in its favor. Decision was reserved in the several motions and the court submitted two questions to the jury. By its answer to question No. 1 the jury found that plaintiffs had been honestly deceived as to the extent of the work required by their contract. By its answer to question No. 2, that plaintiffs' damages amounted to $264.

*John F. O'Brien* of counsel [*Terence Farley* and *John F. Collins* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*MacIntosh Kellogg* of counsel [*Alfred C. Pette* with him on the brief; *Kellogg & Rose,* attorneys], for the respondents.

PAGE, J.:

The plaintiffs executed a contract with the city of New York for the installation of a high pressure fire service system in certain specified streets in the city of New York. The plaintiffs demand damages because they claim that the defendant refused to permit them to perform and carry out the contract. This claim is predicated upon the fact that the drawings annexed to the specification were stated to have been drawn on a scale of 200 feet to the inch, whereas it was drawn on a scale of 150 feet to the inch. This error was discovered by the plaintiffs when they were preparing their bid and was discovered by the city engineer and notice of the correction was given on June fourth to the plaintiffs before they had commenced work, but shortly after they had made a contract for the pipe. The system was installed in all the streets specified in the contract and the plaintiffs

had left over the pipe that would have been necessary had the streets in fact been as long as shown on the drawing when tested by the incorrect scale.  The city paid for all the work done and took over and paid for the extra pipe.  How the city can be said to have prevented the performance of the contract is inconceivable to my mind.  What should it have done that it did not do?  It could not extend these streets to make them correspond to the drawing, nor could the plaintiffs insist on laying the pipe in these streets without reference to their forming a part of the high pressure service system.  The action was not brought on the theory of breach of warranty.  Had it been, the plaintiffs could not have recovered.  In the " information for bidders " furnished by the defendant we find: " Bidders are particularly cautioned against the submission of a bid before making a personal examination of the location proposed for the work under this contract, and familiarizing themselves with all existing conditions; " and again: " The estimated quantities are given above [which included the length of the various sizes of pipe] only to form a basis of comparison of bids, and are not guaranteed to be accurate.  Such as can be must be checked and verified by the bidders after careful examination of the drawings, specifications and the location or site of the work."  Subdivision 3 of the specifications provides:

" Any correction of errors or omissions in the drawings and specifications may be made by the Engineer when such correction is necessary for the proper fulfillment of their intention as considered by him," and

" 5. The Contractor shall check all dimensions and quantities on the drawings or schedules given to him by the Engineer, and shall notify the Engineer of all errors therein which he may discover by examining and checking the drawings.  He will not be allowed to take advantage of any errors or omissions in these specifications, or in the drawings or schedules, as full instructions will be furnished by the Engineer should such error or omission be discovered, and the Contractor shall carry out such instructions as if originally in the specifications."

The plaintiffs did not rely upon the drawing and quantities specified but discovered the error and knew of it when they submitted the bid.  They did not report the error to the

**492** GLOBE & RUTGERS F. INS. CO. *v.* WARNER SUGAR R. CO.

First Department, May, 1919. [Vol. 187.

engineer when it was discovered. They proceeded with the contract after the engineer had notified them of the error. This case is simply an effort to take advantage of an honest mistake on the part of the city, of which plaintiffs were aware at the time they entered into the contract.

The defendant's motion should have been granted at the close of the plaintiffs' case as all the facts which proved they had no cause of action then appeared in evidence.

The order should be reversed, the verdict set aside and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order reversed, with costs, the verdict set aside and complaint dismissed, with costs.